NO. 12-05-00028-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
ANDREW KALIPA BAILEY,                           §                 APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
PER CURIAM
            Andrew Bailey appeals his conviction for aggravated assault of a peace officer with a deadly
weapon, for which he was sentenced to thirty years of imprisonment and a $5,000 fine. Appellant’s
counsel filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.
Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.
 
Background
            Appellant was charged by indictment with aggravated assault of a peace officer with a deadly
weapon, a first degree felony.


 On February 13, 2004, Appellant entered an open plea of guilty to
the offense charged in the indictment. Appellant and his counsel signed an acknowledgment of
admonishments, a waiver of jury trial, an agreement to stipulate testimony, and a written stipulation
of evidence in which Appellant swore that all allegations pleaded in the indictment were true.
Appellant also waived his right to appeal. The trial court deferred further proceedings without
entering an adjudication of guilt and ordered that Appellant be placed on deferred adjudication
community supervision (probation) for a period of five years.


 
            On November 17, 2004, the State filed an application to proceed to final adjudication,
alleging that Appellant had violated the terms of his community supervision (probation). On
December 1, 2004, the trial court held a hearing on the State’s application. Appellant pleaded “true”
to all four paragraphs of the State’s allegations and stipulated to evidence that he violated community
supervision. The trial court found it “true” that Appellant violated his community supervision as
alleged by the State. Accordingly, the trial court revoked Appellant’s community supervision,
adjudicated Appellant guilty as charged in the indictment, and assessed punishment at thirty years
of imprisonment and a $5,000 fine.


 Moreover, the trial court also made an affirmative deadly
weapon finding. This appeal followed.
 
Analysis pursuant to Anders v. California
            Appellant’s counsel filed a brief in compliance with Anders and Gainous, stating that he has
diligently reviewed the appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated. Appellant did not file a pro
se brief. From our review of Appellant’s brief, it is apparent that his counsel is well acquainted with
the facts in this case. In compliance with Anders, Gainous, and High v. State, 573 S.W.2d 807, 812
(Tex. Crim. App. 1978), counsel’s brief presents a chronological summation of the procedural
history of the case and further states that counsel is unable to raise any meritorious issues for appeal.
We have likewise reviewed the record for reversible error and have found none.
            As required by Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant’s
counsel has moved for leave to withdraw. We carried the motion for consideration with the merits
of the appeal. Having done so and finding no reversible error, Appellant’s counsel’s motion for leave
to withdraw is hereby granted and the trial court’s judgment is affirmed.
 
Opinion delivered July 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(DO NOT PUBLISH)